JOSE RAMOS v. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-265-CR

JOSE RAMOS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jose Ramos 
attempts to appeal his conviction for aggravated assault.  After Appellant pled guilty pursuant to a plea bargain agreement, the court assessed his punishment at three years’ confinement.  We dismiss the appeal for want of jurisdiction.

Pursuant to rule 26.2 of the rules of appellate procedure, a notice of appeal must be filed within thirty days after the day sentence is imposed, or within ninety days after the day sentence is imposed if the defendant files a timely motion for new trial.  
Tex. R. App. P. 26.2(
a).  Appellant’s sentence was imposed on June 1, 2006.  No motion for new trial was filed, so Appellant’s notice of appeal was due July 1, 2006.  On July 24, 2006, 
Appellant filed his pro se motion for an out-of-time appeal. 

This court does not have jurisdiction to grant a motion for an out-of-time appeal; Appellant’s proper remedy is to seek an out-of-time appeal through a writ of habeas corpus.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 11.07 (Vernon 2005); 
Ater v. Eighth Ct. of App.
, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding)(holding writ of habeas corpus pursuant to article 11.07  governs out-of-time appeals from felony convictions).  

Even construing Appellant’s motion as a notice of appeal, we hold it was untimely and we have no jurisdiction over this appeal.  
See Olivo v. State
, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); 
see also Slaton v. State
, 981 S.W.2d 208, 209-10 (Tex. Crim. App. 1998).  Accordingly, we deny Appellant’s motion and dismiss this appeal for want of jurisdiction.
 

PER CURIAM 

PANEL D:  HOLMAN, GARDNER, and WALKER, JJ. 

DO NOT PUBLISH

Tex. R. App. P. 47.2
(b) 

DELIVERED:  August 10, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.